UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RENEA WILLIS, an Individual and Guardian of K.W., a Minor, )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>ROSE ART, INC., MEGABLOKS, INC., and ABC CORPORATIONS 1-10, )<br>)<br>Defendants ) | CAUSE NO. 3:07-CV-192 RM |

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Smoot v. Mazda Motors of America, Inc., 469 F.3d 675, 678 (7th Cir. 2006) (because "limits on subject-matter jurisdiction are not waivable or forfeitable . . . federal courts are required to police their jurisdiction"). The plaintiffs' complaint does not allege the existence of jurisdiction. First, it alleges that "at all times material hereto, [the Plaintiffs] resided in Plymouth, Indiana," but residency is not citizenship, Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), and jurisdiction depends on citizenship of each party at the time the case begins. Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). The plaintiffs must show the citizenship of each party as of the date the complaint was filed. Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993). Second, 28 U.S.C. § 1332(c) provides that a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. The complaint alleges that

defendant Rose Art, Inc. is "believed to be a corporation organized and operating under and by virtue of the laws of the State of New Jersey," but the complaint contains no allegations relating to the corporation's principal place of business. If Rose Art's principal place of business is located in Indiana, there is no diversity of citizenship. Smoot v. Mazda Motors of America, Inc., 469 F.3d at 676.

Lastly, the complaint alleges that "defendants ABC Corporations 1-10, whose true identities are not yet known, are believed to be the parent corporation(s) of Rose Art, Inc." Unidentified John Doe defendants are not permitted in federal diversity suits because diversity jurisdiction must be proved by the plaintiffs rather than assumed as a default. Howell v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997) ("the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship"); Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996) ("this court cannot presume that [ABC Corporations] 1-10 are diverse with respect to the plaintiff"). While some exceptions to the John Doe ban exist – when John Doe defendants "are merely nominal parties, irrelevant to diversity jurisdiction," when "naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case" to federal court, or when a John Doe defendant is named in a suit based on federal question jurisdiction – those exceptions don't appear to be applicable here. Howell v. Tribune Entertainment Co., 106 F.3d at 218.

Although the case may be subject to dismissal on these grounds, Tylka v. Gerber Prods. Co., 211 F.3d 445 (7th Cir. 2000), the court instead affords the

plaintiffs twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:   April 30, 2007


/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court